UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILD, LLC,
     Plaintiff,

v.                               Case No.: 3:25cv274/TKW/ZCB

ISLAND FRUIT SERVICES, LLC, et al.,
     Defendants.

_____/

## **ORDER**

Defendant Island Fruit Services has filed an "Expedited Motion to Compel Reset of Plaintiff's Rule 30(b)(6) Deposition and for Sanctions." (Doc. 50).  Contrary to N.D. Fla. Loc. R. 7.1(C), the motion does not have a certificate of conferral.[1]  Accordingly, the motion (Doc. 50) is **DENIED without prejudice** for noncompliance with the Local Rules.

The Court further **ORDERS** as follows:

1. Counsel for the parties in this case are required to confer via telephone, videoconference, or in-person before the motion is re-filed.  During that conferral, counsel for the parties must

---

[1] Rule 7.1(C) provides that a "motion or supporting memorandum must include a certificate—under a separate heading—confirming that the moving party complied with the attorney-conference requirement of Local Rule 7.1(B) and setting out the results."

1

work in good faith to resolve their dispute.  That conferral must occur by **5:00 p.m., central time, on April 17, 2026.**

2.  If the parties are unable to resolve the dispute and Defendant Island Fruit re-files its motion, the motion must include a certificate of conferral as required by the Local Rules.  That certificate of conferral must include the date of the conferral, the means by which that conferral occurred, and the length of the conferral.

3.  By **5:00 p.m. central time, on April 16, 2026,** counsel for the parties shall each file a Notice of Compliance stating that they have read the following excerpt from Chief Justice Roberts' 2015 Year-End Report on the Federal Judiciary:

> As for the lawyers, most will readily agree—in the abstract—that they have an obligation to their clients, and to the justice system, to avoid antagonistic tactics, wasteful procedural maneuvers, and teetering brinkmanship.  I cannot believe that many members of the bar went to law school because of a burning desire to spend their professional life wearing down opponents with creatively burdensome discovery requests or evading legitimate requests through dilatory tactics. The test for plaintiffs' and defendants' counsel alike is whether they will affirmatively search out cooperative solutions, chart a cost-effective course of litigation, and assume shared responsibility with opposing counsel to achieve just results . . . .  We should not miss the

2

opportunity to help ensure that federal court litigation does not degenerate into wasteful clashes over matters that have little to do with achieving a just result.

https://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf

4. Counsel for the parties should all take a deep breath and ask themselves whether their conduct is helping to ensure that "federal court litigation does not degenerate into wasteful clashes over matters that have little to do with achieving a just result." From what the Court has seen so far in this case, the answer appears to be "no."

5. If this matter (and the other pending motion to compel, Doc. 48) are not resolved by the parties, they should anticipate an in-person hearing being scheduled in Pensacola in short order.

**SO ORDERED** this 15th day of April 2026.[2]

s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

[2] Although it should go without saying, failure to comply with this order will result in sanctions.